UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.


NORDSTROM, INC.
 d/b/a Nordstrom Rack at Coral Way and
HART MIRACLE MARKETPLACE, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Nordstrom, Inc. doing business as Nordstrom Rack at Coral Way and Defendant Hart Miracle Marketplace, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Nordstrom, Inc. (also referenced as "Defendant Nordstrom," "operator," "lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Nordstrom, Inc. is a NYSE company and part of the S&P 400 component. Nordstrom, Inc. is an American luxury department store chain founded in 1901. As of 2021, there are 100 Nordstrom branded retail stores in the 32 states (of the United States).

6. Defendant Hart Miracle Marketplace, LLC (also referenced as "Defendant Hart LLC," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 3301 Coral Way, Coral Gables, Florida 33145, which is also referenced as folio 01-4109-069-0020. Defendant Hart LLC's real property is built out as a mixed-use commercial center. Hart LLC leases its mixed-use commercial center (in part) to a DSW retail store, a Pet Smart retail store, a Hooters restaurant, an LA Fitness Athletic club and the Nordstrom Rack store which is the subject of this instant action. The Nordstrom Rack store is the portion of Defendant Hart LLC's commercial property which is leased to co-Defendant Nordstrom who in turn owns and operates its Nordstrom Rack brand retail store at that location.

## **FACTS**

7. Nordstrom is a full-line retailer with departments for clothing, footwear, handbags, jewelry, accessories, cosmetics, and fragrances. Some stores feature home furnishings and wedding departments, and several have in-house cafes, restaurants, and espresso bars. Nordstrom Rack is the off-price department store chain offshoot of Nordstrom. Nordstrom Rack stores receive the off-season merchandise from Nordstrom department stores. All Nordstrom Rack stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Nordstrom Rack store located at 3301 Coral Way which is the subject of this complaint is also referenced as "Nordstrom Rack (store)," "Nordstrom Rack at Coral Way," "retail (department) store," or "place of public accommodation."

8. As the operator of retail department stores which are open to the public, Defendant Nordstrom is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Nordstrom Rack store at 3301 Coral Way, on May 26, 2021 Plaintiff went to the Nordstrom Rack store with the intent of purchasing clothing.

10. On entering the Nordstrom Rack store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the retail store (Defendant Nordstrom) and by the owner/lessor of the commercial property which houses the retail store (Defendant Hart LLC).

12. As owner/operator of 100 retail department stores, Defendant Nordstrom is well aware of the ADA and the need to provide for equal access in all areas of its department stores. Therefore, Defendant Nordstrom's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Nordstrom Rack at Coral Way is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property, part of which is operated as retail stores open to the public, Defendant Hart LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant Hart LLC is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Nordstrom Rack at Coral Way, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Nordstrom, Rack at Coral Way, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Nordstrom (operator of the Nordstrom Rack department store which is located at 3301 Coral Way) and Defendant Hart LLC (owner of the commercial property located at 3301 Coral Way) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the subject Nordstrom Rack store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Nordstrom Rack at Coral Way.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Hart LLC and which houses the Nordstrom Rack department store (operated by Defendant Nordstrom) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both

the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i.    As to Defendant Nordstrom (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the door to the bathroom without assistance as it requires too great a pressure for Plaintiff (who uses a wheelchair) to open, thus the bathroom door has a non-compliant opening force, which is in violation of Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design.  Failure to provide a restroom door which is accessible is a violation of the 2010 ADA Standards for Accessible Design as the door leading into the bathroom generates pull strength that cannot be opened by an individual in a wheelchair. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed.  Defendants are in violation of all of these sections.

    ii.    As to Defendant Nordstrom (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to a stall partition.  This is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and

        clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

   iii.    As to Defendant Nordstrom (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was unable to access the hand sanitizer without assistance as the hand sanitizer dispenser was too high. Failure to provide a hand sanitizer for the general public at an accessible height is in violation of the reach ranges delineated within Section 4.2.5 of the ADAAG and Section 308.2.1, 2010 ADA Standards for Accessible Design which states that where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

   iv.    As to Defendant Nordstrom (lessee/operator) and Defendant Hart LLC (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

      26.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property which is being operated as a Nordstrom Rack department store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

      27.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

Nordstrom Rack department store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against the Defendant Hart Miracle Marketplace, LLC (owner of the commercial property housing the Nordstrom Rack) and Defendant Nordstrom, Inc. (operator of the Nordstrom Rack at Coral Gables) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Nordstrom Rack department store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 21st day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*